FILED

2018 NOV 15 PM 12: 51

U.S. DISTRICT COURT
N. DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **I N D I C T M E N T** |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE GAUGHAN |
| v. ) | CASE NO.: 1:18 CR 687 |
| ) | Title 18, Sections 1028A(a)(1), |
| SILVIO LEON, ) | 1029(a)(2), (a)(3), 1029(b)(2) |
| PABLO ARRECHAVALETA, ) | and 2, United States Code |
| ) | |
| Defendants. | |

## GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

1. Defendants SILVIO LEON and PABLO ARRECHAVALETA were residents of Florida.

2. A "skimmer" is an electronic device which can be attached to a point-of-sale credit card reader to covertly copy account information and other data stored on the magnetic strip of a credit or debit card during the payment authorization function which occurs between a merchant and the issuing financial institution during a retail transaction. Credit and debit card account information stored on the skimmer is subsequently copied or transmitted to a computer, either directly, or through a wireless connection.

3. A "credit card reader/writer/encoder" is an electronic device designed to read and rewrite the electronic data contained on the magnetic strip of a credit or debit card. These devices are capable of reading, decoding, verifying and rewriting data on all three "tracks" contained within the magnetic strips on credit cards, debit cards, loyalty cards, gift cards,

employee ID cards and electronic hotel room keys. "Track data" includes the cardholder's full name, credit card number, primary account number, card expiration date, and country code.

4. A "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a person's name, Social Security Account number, date of birth, or state or government issued driver's license or identification number.

5. As defined in Title 18, United States Code, Section 1029(e):

    a. "Access Device" includes any card, plate, code, account number, electronic serial number, personal identification number or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

    b. "Counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device; and

    c. "Unauthorized access device" means any access device that is lost, stolen, expired, revoked, cancelled or obtained with the intent to defraud.

COUNT 1
(Conspiracy to Commit Access Device Fraud, 18 U.S.C. § 1029(a)(5),
in violation of 18 U.S.C. § 1029(b)(2))

The Grand Jury charges:

6. Paragraphs 1 through 5 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

7. From on or about May 21, 2016, and continuing through on or about June 12, 2018, in the Northern District of Ohio, Eastern Division, Defendants SILVIO LEON and PABLO ARRECHAVALETA did knowingly and intentionally combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to knowingly and with intent to defraud, effect transactions with access devices issued to other persons, to wit: credit and debit card account numbers stolen from victims by means of skimmers attached to gas pumps, to receive goods valued at more than $1,000, to wit: gift cards and merchandise, from on or about June 13, 2017 and continuing through on or about June 12, 2018, said conduct affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(5).

## OBJECT OF THE CONSPIRACY

8. It was the object of the conspiracy that Defendants and their co-conspirators enriched themselves and others by: (i) covertly installing electronic skimmer devices connected to point-of-sale ("POS") terminals on gas station pumps thereby stealing credit card and/or debit card account information and other personal information encoded on credit/debit card magnetic strips; (ii) obtaining the stolen account information and then re-encoding that account information onto counterfeit access devices' magnetic strips; and (iii) using and attempting to use the re-encoded counterfeit and unauthorized access devices to fraudulently obtain gift cards, merchandise, and other things of value in the Northern District of Ohio, Eastern Division, and elsewhere.

## MANNER AND MEANS OF THE CONSPIRACY

9.  It was part of the conspiracy that:

   a.  Defendants and their co-conspirators procured skimmers, card readers/writers, and tools for breaking into gas station pumps to access the inside of the POS terminals on the gas pumps.

   b.  Defendants and their co-conspirators traveled from Florida to Ohio, Pennsylvania, West Virginia, New Jersey, Colorado, Iowa, and elsewhere, rented vehicles, and traveled to gas stations. At gas stations, Defendant and their co-conspirators covertly broke into gas station pumps and installed skimmers on the POS terminals, which skimmers were programmed to and did steal the data encoded on credit and debit cards that unsuspecting cardholders used at those POS terminals.

   c.  Defendants and their co-conspirators later downloaded the stolen credit and debit card account information stored on the skimmers, storing the account information on computers and other electronic storage media such as flash drives.

   d.  Defendants and their co-conspirators subsequently re-encoded the stolen credit and debit card account information and other personal data onto counterfeit and unauthorized access devices.

   e.  Defendants and their co-conspirators traveled to Sam's Club stores, Wal-Mart stores, and other retailers in Ohio, Pennsylvania, West Virginia, New Jersey, Colorado, Iowa, and elsewhere, and fraudulently used and attempted to use the counterfeit and unauthorized access devices to obtain gift cards, merchandise, and other things of value, using accounts stolen from gas station POS terminals in the area of the retail location to avoid fraud alerts by credit card companies and detection by law enforcement.

4

  f. Defendants and their co-conspirators collected large quantities of fraudulently purchased gift cards in large denominations and mailed the gift cards to confederates in Florida.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

10. In furtherance of the conspiracy and to achieve its objectives Defendants and their co-conspirators committed the following overt acts, among others, in the Northern District of Ohio, Eastern Division, and elsewhere:

  a. Defendants and their co-conspirators obtained a fraudulent Sam's Club membership card in the names of F.V. and J.A., among others, in order to make large purchases at Sam's Club stores without disclosing their true identities.

  b. Between on or about May 21, 2016 and May 23, 2016, LEON and his co-conspirators flew from Florida to Ohio, obtained stolen credit and debit card information from skimmers on POS terminals, encoded counterfeit credit cards with stolen account information, and then used those encoded cards to purchase more than $1,000 in merchandise and gift cards at Sam's Club stores in Ohio in the cities of Canton, Cuyahoga Falls, Mentor, and Oakwood Village, using the fraudulent F.V. Sam's Club membership.

  c. Between on or about May 5, 2017 and May 7, 2017, Defendants and their co-conspirators flew from Florida to Colorado, obtained stolen credit and debit card information from skimmers on POS terminals, encoded counterfeit credit cards with stolen account information, and then used those encoded cards to purchase more than $1,000 in merchandise and gift cards at Sam's Club stores in Colorado in the cities of Fountain, Castle Rock, and Colorado Springs, using the fraudulent F.V. Sam's Club membership.

d. Between on or about June 2, 2017 and June 4, 2017, Defendants and their co-conspirators traveled from Florida to Ohio, obtained stolen credit and debit card information from skimmers on POS terminals, encoded counterfeit credit cards with stolen account information, and then used those encoded cards to purchase more than $1,000 in merchandise and gift cards at Sam's Club stores in Ohio in the cities of Mentor, Oakwood Village, and Canton, using the fraudulent F.V. Sam's Club membership.

e. In or around February 2018, the exact date being unknown to the Grand Jury, Defendants and their co-conspirators installed a skimmer on a gas pump at a BP gas station in Mentor, Ohio. The skimmer was programmed to, and did, collect the account information encoded on every card that was successfully swiped at the terminal. When the skimmer was discovered on or about February 27, 2018, it contained approximately 1,000 victims' names and credit card numbers that Defendants and their co-conspirators had stolen using the skimmer.

f. On or about April 12, 2018, Defendants and their co-conspirators traveled from Florida to Pittsburgh, Pennsylvania, and rented a White GMC Yukon, which they drove to a Sam's Club store in Mentor, Ohio, where they made fraudulent purchases using counterfeit, unauthorized access devices.

g. On or about June 7, 2018, Defendants traveled from Florida to New Jersey, and then began to visit gas stations at which they had installed skimmers on POS terminals on gas pumps. Defendants retrieved stolen credit and debit card account information from the skimmers and stored the stolen account information on flash drives and other storage media. Defendants encoded the stolen account information onto

counterfeit credit cards, took those credit cards to Sam's Club stores, Wal-Mart stores, and other retailers and purchased more gift cards, merchandise and other things of value.

       h.      Between on or about June 7, 2018 and June 12, 2018, Defendants traveled in a rental vehicle from New Jersey to Pennsylvania to Ohio, stopping at gas stations to obtain stolen credit and debit card account information to encode on counterfeit credit cards and use at Sam's Club stores, Wal-Mart stores, and other retailers near the gas stations where they had stolen the account information. Defendants used counterfeit, unauthorized access devices to purchase more than $1,000 in merchandise and gift cards at the retailers, including at a Sam's Club in Cleveland, Ohio, using the fraudulent J.A. Sam's Club membership.

       i.      On or about June 11, 2018 Defendants checked into the Aloft Hotel in North Olmsted, Ohio, where they knowingly jointly possessed the following items: gas pump access keys; two gray skimming devices; two laptop computers; three flash drives with stolen account information from more than 1,000 other persons' accounts; a fraudulent driver's license in the name of F.V.; fraudulent Sam's Club membership cards; fraudulently purchased merchandise; fraudulently purchased gift cards; and five U.S. Postal Service envelopes.

11.    The offense occurred after LEON was convicted of another offense under Title 18, United States Code, Section 1029.

All in violation of Title 18, United States Code, Section 1029(b)(2) and (c)(1)(B).

## COUNT 2
(Access Device Fraud – Using Unauthorized Access Devices,
in violation of 18 U.S.C. §§ 1029(a)(2), 2)

The Grand Jury further charges:

12. Paragraphs 1 through 5 and 7 through 10 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

13. Between on or about June 13, 2017 and continuing through on or about June 12, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants SILVIO LEON and PABLO ARRECHAVALETA, aiding and abetting one another, did knowingly and with the intent to defraud, use one or more unauthorized access devices, as defined in Title 18, United States Code, Section 1029 (e)(3), to wit: credit and debit card account numbers stolen from victims by means of skimmers attached to gas pumps, and by such conduct, from on or about June 13, 2017 and ending on or about June 12, 2018, did obtain goods and services valued at $1,000 or more, such use affecting interstate commerce, and the offense occurred after LEON was convicted of another offense under Title 18, United States Code, Section 1029, all in violation of Title 18, United States Code, Sections 1029(a)(2), (c)(1)(a)(i), (c)(1)(B), and 2.

## COUNT 3
(Access Device Fraud – Possession of 15 or More Devices,
in violation of 18 U.S.C. §§ 1029(a)(3), 2)

The Grand Jury further charges:

14. Paragraphs 1 through 5 and 7 through 10 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

15. On or about June 11, 2018, in the Northern District of Ohio, Eastern Division, Defendants SILVIO LEON and PABLO ARRECHAVALETA, aiding and abetting one another, with the intent to defraud, did knowingly possess 15 or more devices which were counterfeit or

8

unauthorized access devices, as defined in Title 18, United States Code, Section 1029(e)(2) and (e)(3), to wit: credit and debit card account numbers stolen from victims by means of skimmers attached to gas pumps, said conduct affecting interstate commerce, and the offense occurred after LEON was convicted of another offense under Title 18, United States Code, Section 1029, all in violation of Title 18, United States Code, Sections 1029(a)(3), (c)(1)(A)(i), (c)(1)(B), and 2.

## COUNT 4
(Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 2)

The Grand Jury further charges:

16. The allegations of Count 2 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

17. Between on or about June 13, 2017 and continuing through on or about June 12, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants SILVIO LEON and PABLO ARRECHAVALETA, aiding and abetting one another, during and in relation to felony violations of Title 18, United States Code, Section 1029(a)(2), knowingly possessed and used, without lawful authority, a means of identification of one or more other persons, to wit: their names and credit and debit card account numbers, knowing that said means of identification belonged to one or more other persons, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 5
(Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 2)

The Grand Jury further charges:

18. The allegations of Count 3 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

19. On or about June 11, 2018, Defendants SILVIO LEON and PABLO ARRECHAVALETA, aiding and abetting one another, during and in relation to felony violations of Title 18, United States Code, Section 1029(a)(3), knowingly possessed, without lawful authority, a means of identification of one or more other persons, to wit: their names and credit and debit card account numbers, knowing that said means of identification belonged to one or more other persons, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

A TRUE BILL.

Original document – Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.